HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONNAMAY BROCKBANK, and
DENNIS MOSES,

    Plaintiffs,

v.

KEVIN STAPLES, et al.,

    Defendants.

CASE NO. C13-5168 RBL

ORDER DENYING MOTION FOR TRO

[Dkt. #5]

THIS MATTER is before the Court on the Plaintiffs' Motion for Temporary Restraining Order. Plaintiffs live in a home that has been foreclosed upon, and they are apparently about to be evicted. They filed this lawsuit in an effort to avoid that result.

By their own admission, however, the Plaintiffs have previously made similar efforts in other courts, and they seem to concede that the foreclosure has already occurred. They ask this Court to enjoin the eviction due to "serious questions" about the legality of the prior proceedings.

Defendants claim that the Plaintiffs have previously filed for bankruptcy protection and unsuccessfully gone through an adversary proceeding in the Bankruptcy Court, and that they have filed three state Court proceedings related to the house, their debt, and the foreclosure process, none of which were successful [*See* Dkt. # 8 at 3]. They argue that the Plaintiffs' new

claims in this case are barred by res judicata.  They argue that the Plaintiffs cannot show any likelihood of success on the merits of these claims, and that they are not entitled to a TRO.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008).  However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Plaintiffs' Motion must be denied because they have claimed— but have made no showing, whatsoever—that they are likely to succeed on the merits of this, their fifth attempt to stop or overcome the foreclosure and its effects.

>>>

>>

>

1  The Motion for a TRO is DENIED.

2  IT IS SO ORDERED.

3  Dated this 18th day of March, 2013.

*[signature]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE