HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONNAMAY BROCKBANK, and DENNIS MOSES,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN STAPLES, BARBARA STAPLES and DOES 1-5.,<br><br>Defendant. | CASE NO. C13-5168 RBL<br><br>ORDER GRANTING SUMMARY JUDGMENT |

Before the Court is Defendants' Motion for Summary Judgment on Plaintiffs' claims: violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), and the Federal Reserve Board Regulation Z, 12 C.F.R. § 226.1, *et seq*., breach of the covenant of good faith and fair dealing, intentional or negligent misrepresentation, quiet title, lack of formation of contract, and declaratory and injunctive relief. [Dkt. # 13].

Plaintiffs filed this action on March 7, 2013, seeking to set aside the trustee's sale of their real property located at 4700 NE St. Johns Rd., in Vancouver, WA. [Dkt. #1]. This is Plaintiffs' eighth attempt to stop, stall, and now reverse the trustee's sale. [Dkt. #14]. In total, Plaintiffs have filed four bankruptcy cases, two superior court cases before the sale, and one case following it. *Id.* The bankruptcy court granted Defendants relief from the automatic stays; the

superior courts refused to enjoin the trustees' sale or quiet title after the sale. The Clark County superior court dismissed the quiet title action with prejudice. *Id.*

This is not a court of appeals. Every claim is barred by the doctrine of res judicata. "The doctrine of res judicata bars litigation where a prior judgment concerns the same "(1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." *Seattle-First Nat'l Bank v. Kawachi*, 91 Wn.2d 223, 225–26 (1978). "Res judicata applies to matters actually litigated as well as those that 'could have been raised, and in the exercise of reasonable diligence *should have been raised*, in the prior proceeding.'" *Kelly-Hansen v. Kelly-Hansen*, 87 Wn. App. 320, 328–29 (1997). All claims now alleged against Defendants—misrepresentation, breach of covenant of good faith and fair dealing, and other claims relating to the amendment of their promissory note—have been raised by Plaintiffs in prior proceedings. In all of those proceedings, courts have denied relief. Because the TILA claims now asserted could and should have been raised in one of the prior proceedings, those claims are also barred.

Furthermore, even if the TILA claims were not barred by the doctrine of res judicata, any claim for rescission fails. First, the 2005 and 2010 Amendments to the 1988 note are just extensions of the maturity date and do not constitute new loan agreements subject to TILA disclosure requirements.

Second, if Plaintiffs did not receive proper TILA disclosures at the time of the original 1988 note, they had three years to rescind after the date of the consummation of the transaction. *See* 15 U.S.C. § 1635(f)); *See Gossen v. JPMorgan Chase Bank*, 819 F.Supp.2d 1162, 1168 (W.D. Wash. October 18, 2011) (citing 15 U.S.C. § 1635(f)). That time has clearly passed.

Finally, with respect to the claims falling under the Washington Deed of Trust Act, following foreclosure, a party may seek only monetary damages and may not obtain a judgment affecting "the validity or finality of the foreclosure." Wash. Rev. Code § 61.24.127(2)(b)–(c). As a result the Plaintiffs claims for breach of the covenant of good faith and fair dealing, quiet title, lack of formation of contract, are statutorily barred.

1   For the reasons stated above, the Court hereby **GRANTS** Defendant' motion for summary
2   judgment. [Dkt. #13]. For the same reasons, Plaintiffs' Motion for Extension of Time to respond
3   to Defendants' Motion for Summary Judgment is **DENIED** as moot. [Dkt. #17].

4       Dated this 13th day of June, 2013.

5

6       *[signature: Ronald B. Leighton]*

7       RONALD B. LEIGHTON
        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24